*v. Burke,* 256 Ill. 401, is applicable to the facts before us. The court there said (p. 406): ·

"It is a necessary element of the liability that the thing which causes the injury is tempting to children and to constitute a means of attracting them upon the premises which the owner should anticipate. The dangerous thing must be so located as to attract them from the street or some public place where they may be expected to be. `An owner would not be liable if he maintained something for his own use which might be dangerous but which would only be found by children going upon his premises as trespassers."

We hold that the defendant was not guilty of actionable negligence, and the judgment is reversed with a finding of fact.

*Reversed with finding of fact.*

---

**Abraham Steiger, Plaintiff in Error, v. Edward F. Keebler, Defendant in Error.**

**Gen. No. 21,564.     (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 31, 1916. Rehearing denied February 14, 1916.

### Statement of the Case.

Action by Abraham Steiger, plaintiff, against Edward F. Keebler, defendant, to recover on an alleged promise to repay a broker's commission under certain conditions. To reverse a judgment for defendant upon a trial without a jury, plaintiff prosecutes this writ of error.

It appeared that defendant secured a tenant for plaintiff's store. Plaintiff claimed that before he

closed the lease he told defendant or his agent that another broker, named Staff, might or did claim a commission for procuring the same tenant, and that defendant said: "If you have to pay the money to the other broker we will pay this back"; whereupon the transaction was closed and Keebler was paid his commission. Subsequently Staff obtained judgment against plaintiff for his commission.

Plaintiff's testimony tended to support the promise made to him, while defendant denied categorically making such agreement. There was evidence tending to show that one Gilbert Keebler, an employee of defendant, made this promise. This was denied by Gilbert Keebler.

WINSTON & LOWY, for plaintiff in error.

SABATH, STAFFORD & SABATH, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. CONTRACTS, § 385*—*when evidence insufficient to sustain finding that promise to repay commissions was made.* In an action to recover on an alleged promise by defendant that under certain conditions he would repay a broker's commission paid by plaintiff to defendant for procuring a tenant for plaintiff's store, where the evidence was conflicting, a finding that defendant never made the promise alleged, *held* justified by the evidence.

2. PRINCIPAL AND AGENT, § 8*—*when evidence sufficient to sustain finding that employee had no authority to promise to repay commissions.* In an action to recover on an alleged promise by defendant that under certain conditions he would repay a broker's commission paid by plaintiff to defendant for procuring a tenant for plaintiff's store, where there was evidence that the promise alleged was made by an employee of defendant, *held* that such employee had no authority to bind defendant by such promise.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.